(85 Misc. Rep. 411)

REALTY ADVERTISING & SUPPLY CO. v. W. J. KELLS MFG. CO.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

EVIDENCE (§ 433*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.

An unambiguous contract in writing cannot be varied by parol, merely because of the failure of one of the parties thereto to read it before signing it, in the absence of any fraud.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1990–2004; Dec. Dig. § 433.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Realty Advertising & Supply Company against the W. J. Kells Manufacturing Company.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Bond & Babson, of New York City (Wm. Arthur Babson, of New York City, of counsel), for appellant.

Bassett, Thompson & Gilpatric, of New York City (W. H. Gilpatric, of New York City, of counsel), for respondent.

WHITAKER, J. The plaintiff and defendant entered into a written contract, dated the 29th day of October, 1913, by which plaintiff agreed to display certain advertising matter for defendant for the term of two years for the consideration expressed in the contract. The system of advertising was what is commonly known as "electric flashing" by the use of electric lamps. The form of the advertisement and the place of its installment, etc., are immaterial, so far as the present question is concerned. The only provisions of the contract necessary to consider are as follows:

"The party of the first part [plaintiff] agrees that the said advertising matter will be displayed * * * during the term beginning November 1, 1913, and running for two (2) years thereafter to October 31, 1915, *under the terms and conditions set forth below.* * * *

"Should, however, for any other reason whatsoever other than delay on the part of the party of the second part in complying with the covenants herein contained, the advertising matter of the party of the second part be not displayed at the time set forth above as the date of the beginning of the term of this agreement, then and in such event the date of the beginning of the term of this agreement shall be fixed as of the date on which the said advertising matter shall have been first displayed, which the party of the first part [plaintiff] covenants will be no more than thirty (30) days later than the date set forth above as the date of the beginning of the term of this agreement, and' shall continue from such time for the term above set forth."

The defendant claims that it was agreed between a representative of plaintiff and defendant that the actual display should begin on November 1st. Defendant was allowed to introduce testimony at the trial in substance that, before or about the time of the signing of the contract, defendant told plaintiff's representative, who negotiated the contract between the parties, that his only reason for entering into the contract was that he (defendant) desired the advertisement to be displayed on election night, when it would be seen by a larger number of people than at any other time, and that plaintiff's representative told defendant that it was all right, that the display would begin on November 1st; and defendant testified that said representative of the plaintiff assured defendant that it was all right, that the contract so provided. Defendant did not read the contract, said he did not have time, that it was too much like an insurance policy, and that he relied upon the statements of the plaintiff's representative. The display did not begin until November 7th, which was after election night. Defendant, before the display began, wrote plaintiff canceling the contract, upon the ground that the display did not occur upon election night.

It is claimed by the appellant that it was error to admit this evidence, on the ground that it tended to contradict the written contract. We agree with the appellant. The rule that written contracts may

not be varied or contradicted by parol evidence is a very salutary and beneficial rule. It should not, in our opinion, be disregarded, except in the cases which come clearly within the exceptions to such rule, and we do not think the present case is one of them. The contract is admitted. Fraud was not established. The contract was complete, and needed no explanation or interpretation. The defendant should have read it before he signed it. Failure to do so was his own negligence. The fact that it was long and contained many provisions of detail was no excuse. The law will not protect a man against his own indolence and indifference to his interests. It would serve no purpose to cite authorities upon the question involved in this case. The rule appellant invokes is elementary.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.